# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CREDITORS INSURANCE PURCHASING GROUP, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| -vs- | ) ) | Case No. CIV-12-1046-F |
| JOHN D. DOAK, COMMISSIONER OF INSURANCE, | ) ) ) | |
| Defendant. | ) ) | |

## ORDER

Before the court is the Motion to Dismiss Plaintiff's Second Amended Complaint, filed by defendant, John D. Doak, Commissioner of Insurance, on May 10, 2013 (doc. no. 35). Plaintiff has responded and defendant has replied. Upon due consideration of the parties' submissions, the court makes its determination.

I.

Plaintiff, Creditors Insurance Purchasing Group, commenced this action against defendants, Oklahoma Department of Insurance and John D. Doak, Commissioner of Insurance, on September 18, 2012. Plaintiff is a purchasing group formed and operating under the provisions of the Liability Risk Retention Act of 1986 ("LRRA"), 15 U.S.C. § 3901, *et seq*. It is comprised of members, primarily "Buy Here, Pay Here" used automobile dealers/creditors, whose purpose is to purchase liability insurance products on a group basis to cover similar exposures. One of the insurance products plaintiff has purchased for its members is collateral protection insurance. According to plaintiff, a dispute has arisen between plaintiff and defendant, John D. Doak, as Commissioner for the Oklahoma Department of Insurance, as to whether collateral

protection insurance is liability insurance for purposes of the LRRA and whether plaintiff can obtain the product from Vehicular Services Insurance Company Risk Retention Group (VSIC).[1] Plaintiff seeks declaratory and injunctive relief that collateral protection insurance is a permissible "liability" product under the LRRA and can be purchased by plaintiff from VSIC.

After the lawsuit was filed, the Oklahoma Department of Insurance declined to renew plaintiff's registration as a purchasing group. On January 7, 2013 and with leave of court, plaintiff filed a First Amended Complaint against defendants, adding allegations relating to the denial of its registration renewal and seeking declaratory relief concerning the issue. In response to the First Amended Complaint, defendants filed a motion to dismiss, seeking to dismiss all claims alleged against them. At a hearing held on April 5, 2013, the court dismissed without prejudice plaintiff's claims against defendant, Oklahoma Department of Insurance, based upon Eleventh Amendment immunity. The court dismissed without prejudice plaintiff's claims against defendant, John D. Doak, Commissioner of Insurance, for failure to state a claim pursuant to Rule 12(b)(6), Fed. R. Civ. P. The court, however, granted plaintiff leave to file a second amended complaint.

On April 26, 2013, plaintiff filed a Second Amended Complaint against defendant, John D. Doak, Commissioner of Insurance. Plaintiff alleges subject matter jurisdiction under 28 U.S.C. § 1331 based upon a requested application and interpretation of the LRRA. It seeks declaratory and injunctive relief against defendant under 28 U.S.C. § 2201. In particular, it seeks a declaratory judgment determining that:

    a.    That collateral protection insurance is a permissible form of commercial liability insurance and may [properly] be written by an [risk retention group] and placed by an [risk

---

[1] VSIC is a risk retention group formed and operating under the LRRA.

    purchasing group] under [the LRRA,] 15 U.S.C. § 3901, et[] seq.

  b.  That the [Oklahoma Insurance Department] and [defendant] Doak cannot withhold [plaintiff's] registration renewal based upon a dispute over the actual or intended insurance carrier listed therein.

  c.  That [plaintiff] has sufficient ownership interest in VSIC as required by the [federal Liability Risk Retention Act].

*See*, Second Amended Complaint (doc. no. 34), ¶ 29. Upon a favorable ruling on the declaratory judgment, plaintiff seeks an injunction against defendant prohibiting him from denying plaintiff the right to place collateral protection insurance for its members through VSIC.

## II.

In his motion, defendant seeks dismissal of the Second Amended Complaint under Rule 12(b)(6). Defendant contends that the court correctly ruled at the April hearing that collateral protection insurance is not liability insurance as defined by the LRRA, specifically, 15 U.S.C. § 3901(a)(1) and (a)(2). According to defendant, plaintiff has not pled any facts in the Second Amended Complaint to show that the collateral protection insurance covers "legal liability for damages." *See*, 15 U.S.C. § 3901(a)(2). In addition, defendant contends that plaintiff has failed to allege facts in the Second Amended Complaint to show that it is entitled to purchase insurance from VSIC or that his authority to determine whether plaintiff is properly a risk purchasing group is preempted by the LRRA. Defendant maintains that plaintiff's allegations regarding the Oklahoma Department of Insurance's decision not to renew plaintiff's registration do not state a plausible claim. In any event, defendant asserts that plaintiff should be required to exhaust administrative remedies relating to the non-renewal decision.

Plaintiff responds that it has stated a plausible claim that collateral protection insurance meets all of the prerequisites of a liability insurance product. Additionally, plaintiff contends that it has a sufficient membership/ownership interest in VSIC to allow it to write collateral protection insurance for plaintiff. According to plaintiff, defendant's withholding of its registration renewal is in violation of the LRRA. Plaintiff contends that it should not be required to exhaust administrative remedies because that would be a futile exercise and would not promote judicial economy. Plaintiff asserts that the court should not abstain from exercising its jurisdiction. Further, plaintiff maintains that defendant has no compelling interest in resisting plaintiff's efforts to obtain collateral protection insurance.

III.

In evaluating whether a complaint states a claim that can survive a Rule 12(b)(6) motion, the court accepts "'as true all well-pleaded factual allegations in a complaint and view[s] these allegations in the light most favorable to the plaintiff.'" Wittner v. Banner Health, __ F.3d __, 2013 WL 3156631, *4 (10th Cir., June 24, 2013) (quoting Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009)). However, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted), and the court is not "bound to accept as true a legal conclusion couched as a factual allegation." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570) (2007)). Indeed, the court must "disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." Kan. Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1214 (10th Cir. 2011).

4

IV.

The court adheres to its prior ruling at the April hearing that collateral protection insurance is not liability insurance as defined by the LRRA. Plaintiff has failed to allege any facts in the Second Amended Complaint to show that the collateral protection insurance product protects the used automobile dealers/creditors from "legal liability for damages" to others. *See*, 15 U.S.C. § 3901(a)(2) ("'liability' . . . means legal liability for damages . . . because of injuries to other persons, damage to their property, or other damage or loss to such other persons resulting from or arising out of . . . any business . . ."). None of the cases or secondary sources cited by plaintiff in the Second Amended Complaint support a finding that collateral protection insurance constitutes liability insurance as statutorily defined.

The LRRA exempts a purchasing group from any "State law, rule, regulation, or order" under certain circumstances. *See*, 15 U.S.C. § 3903(a). The court notes, however, that plaintiff has not alleged, in the Second Amended Complaint, any "State law, rule, regulation, or order" from which it is exempted under § 3903(a). It has alleged only that a "dispute" has arisen as to whether collateral protection insurance "is a permissible 'liability' product under the act." *See*, Second Amended Complaint, ¶ 7. Nonetheless, the exemptions under § 3903(a) apply to the provision of "liability insurance." *See*, 15 U.S.C. § 3903(b)(1); *see also*, 15 U.S.C. § 3905(b) ("The exemptions provided under this Act . . . shall apply only to the provision of liability insurance by a risk retention group or the purchase of liability insurance by a purchasing group, and nothing in this Act . . . shall be construed to permit the provision or purchase of any other line of insurance by any such group.") The collateral protection insurance at issue in this case is not, as the court has determined, liability insurance as defined by the LRRA. The court therefore concludes that plaintiff's

request for declaratory and injunctive relief relating to the purchase of collateral protection insurance is subject to dismissal under Rule 12(b)(6).[2]

As to the denial of renewal of plaintiff's registration as a purchasing group, the court likewise finds that plaintiff has failed to allege sufficient facts to state a plausible claim, thereby entitling plaintiff to declaratory relief. Plaintiff has not alleged in the Second Amended Complaint "any State law, rule, regulation or order" from which it is exempted under § 3903(a). Plaintiff refers to an e-mail sent by Lauren Bose, an employee of the Oklahoma Department of Insurance, *see*, Second Amended Complaint, ¶ 25, but plaintiff has not alleged any facts from which the court might conclude that the e-mail is an "order" for purposes of § 3903(a). Moreover, to the extent the e-mail constitutes an "order," plaintiff has failed to allege facts sufficient to support a conclusion that the order would contravene any of the prohibitions found in § 3903(a)(1)-(7). Plaintiff alleges that the denial of registration renewal discriminates against "other lawful and proper activities an RPG can perform." *See*, Second Amended Complaint, doc. no. 34, ¶ 26. Section 3903(a)(8) exempts an order to the extent it would "otherwise discriminate against a purchasing group or any of its members." Plaintiff points out that the § 3903(a)(8) exemption applies to the provision of "insurance related services" or "management services" to a purchasing group or a

---

[2] In its Second Amended Complaint, plaintiff alleges that defendant, John D. Doak, took the position that plaintiff could not place collateral protection insurance with VSIC because plaintiff did not have adequate ownership interest in VSIC and seeks declaratory relief that it has adequate ownership interest in VSIC through its stock purchase. *See*, Second Amended Complaint, ¶¶ 22 and 29. The court, however, concludes it need not address the ownership interest issue in that it appears moot in light of the fact that the court has concluded that collateral protection insurance is not liability insurance for purposes of the LRRA. *See*, 15 U.S.C. § 3901(4)(G) (A risk retention group, such as VSIC, means any corporation or other limited liability association whose "activities do not include the provision of insurance other than . . . *liability insurance* for assuming and spreading all or any portion of the similar or related liability exposure to its group members . . .") (emphasis added).

member of the group. *See*, 15 U.S.C. § 3903(b)(2).[3] It also points out that it purchases another form of dealer reimbursement coverage from VSIC. However, plaintiff has not alleged any facts to conclude the "order" of defendant, John D. Doak, if it exists, discriminates against a member of the purchasing group in the provision of insurance related services or management services. It also has not alleged that the additional insurance coverage purchased from VSIC constitutes liability insurance or coverage. Further, plaintiff has not alleged sufficient facts to show that it qualifies as a member of VSIC, entitled to purchase liability insurance from VSIC as one of its members. The court finds that plaintiff has failed to allege sufficient facts to establish that defendant's alleged decision to deny registration renewal is preempted by § 3903(a).

V.

Based upon the foregoing, the Motion to Dismiss Second Amended Complaint, filed by defendant, John D. Doak, Commissioner of Insurance on May 10, 2013 (doc. no. 35) is **GRANTED**.

Because plaintiff has failed to cure the deficiencies of its First Amended Complaint with the filing of its Second Amended Complaint, *see*, Foman v. Davis, 371 U.S. 178, 182 (1962) and it has not sought leave to amend contemporaneous with the filing of its response, and the Tenth Circuit has stated that leave to amend "freely" under Rule 15(a), Fed. R. Civ. P., does not mean that leave to amend "can go on indefinitely," *see*, DeBry v. Transamerica Corp., 601 F.2d 480, 492 (10th Cir. 1979), the court concludes that plaintiff should not be granted leave to file a third amended complaint. Plaintiff's Second Amended Complaint and action against defendant, John

---

[3] The court notes, however, that in order to be a purchasing group, plaintiff must have as "one of its purposes the purchase of liability insurance on a group basis." *See*, 15 U.S.C. § 3901(a)(5).

D. Doak, Commissioner of Insurance, is therefore dismissed with prejudice pursuant to Rule 12(b)(6), Fed. R. Civ. P.

DATED this 29th day of July, 2013.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

12-1046p011 rev .wpd